NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-146

JAKE CHIMENTO

VERSUS

KDM ELECTRIC OF ALEXANDRIA, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 247,492
HONORABLE PATRICIA KOCH, DISTRICT JUDGE

**********

SYLVIA R. COOKS

JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy and Billy H. Ezell, Judges.

MOTION TO REMAND DENIED.

Amy, J., dissents and would grant the motion to remand.

Donna Unkel Grodner
Grodner & Associates
2223 Quail Run, B-1
Baton Rouge, LA 70808
(225) 769-1919
COUNSEL FOR PLAINTIFF/APPELLANT:
    Jake Chimnento

**Joshua P. Monteleone**
**Attorney at Law**
**Post Office Box 1786**
**Shreveport, LA 71166-1786**
**(318) 221-1800**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**KDM Electric, LLC**
**The Standard Fire Insurance Company**

**COOKS, Judge.**

Defendants-Appellees, KDM Electric, LLC, and The Standard Fire Insurance Company, move to remand the instant appeal for the purpose of permitting Defendants to traverse the pauper status granted to Plaintiff-Appellant, Jake Chimento, and for Plaintiff to correct deficiencies in his motion to proceed in forma pauperis. For the reasons given below, we deny the motion to remand.

The trial court issued written reasons for granting Defendants' motion to compel dismissal of Plaintiff's claims against Defendants on December 2, 2016. Before a written judgment was signed, Plaintiff filed a motion for devolutive appeal on December 14, 2016. A written judgment was signed on December 22, 2016, and Plaintiff was granted a devolutive appeal on December 28, 2016.

The record on appeal reflects that on January 26, 2017, the trial court issued an order instructing Plaintiff to complete a current pauper application reflecting his current financial status. A motion to proceed in forma pauperis, along with an in forma pauperis affidavit, were filed in the trial court, a copy of which was received by Defendants on March 7, 2017.

The record in this appeal was lodged in this court on February 23, 2017. On March 21, 2017, Defendants filed a motion to remand, asking that this court order a remand of this appeal to permit the trial court to hear Defendants' motion to traverse Plaintiff's pauper status.

In opposition, Plaintiff refers to La.Code Civ.P. art. 5183(B), which provides:

> When the application and supporting affidavits are presented to the court, it shall inquire into the facts, and if satisfied that the applicant is entitled to the privilege granted in this Chapter it shall render an order permitting the applicant to litigate, or to continue the litigation of, the action or proceeding without paying the costs in advance, or as they

accrue, or furnishing security therefor. The submission by the applicant of supporting documentation that the applicant is receiving public assistance benefits or that the applicant's income is less than or equal to one hundred twenty-five percent of the federal poverty level shall create a rebuttable presumption that the applicant is entitled to the privilege granted in this Chapter. The court may reconsider such an order on its own motion at any time in a contradictory hearing.

Plaintiff asserts that Defendants have not shown any reason for this court to believe that his financial situation or circumstances have changed in any manner. Further, Plaintiff states that prior to the lodging of this appeal, he provided Defendants with his statement of account certified on February 15, 2017, which indicates that he has no money, no savings, and no income. Plaintiff also urges that Defendants have "offered this Court nothing to suggest that the motion to traverse was filed in good faith." La.Code Civ.P. art. 863.

The Plaintiff was granted pauper status by prior orders of the trial court. We note that the trial court issued the January 26, 2017 order after Plaintiff was granted the instant appeal. As such, we find that the trial court was without jurisdiction to order same. La.Code Civ.P. art. 2088. Since the trial court was without jurisdiction to order another pauper application at that time and since the Defendants have only pointed out deficiencies in Plaintiff's pauper affidavit filed in response to the trial court's null order, we deny Defendants' Motion to Remand and Traverse Appellant's Motion to Proceed in Forma Pauperis.

**MOTION TO REMAND DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.

2